# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2019, 10:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Kent Farnsworth
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Roger K. Kanne
David D. Becsey
Erin E. Meyers
Zeigler Cohen & Koch
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kent Farnsworth,

*Appellant-Plaintiff,*

v.

Lutheran Medical Group, LLC,

*Appellee-Defendant.*

December 19, 2019

Court of Appeals Case No.
19A-PL-1726

Interlocutory Appeal from the
Allen Superior Court

The Hon. Craig J. Bobay, Judge

Trial Court Cause No.
02D02-1903-PL-113

**Bradford, Judge.**

# Case Summary

As of 2017, Dr. Kent Farnsworth, M.D., practiced internal medicine for Lutheran Medical Group, LLC, in Fort Wayne. That year, Lutheran's Practice Management Committee ("the Committee") voted to eliminate call-coverage duties for Dr. Farnsworth (among others) at Lutheran Hospital ("the Hospital"). In March of 2019, Dr. Farnsworth sued Lutheran, claiming that it had breached the terms of its employment agreement ("the Agreement") with him by eliminating call coverage. At the same time, Dr. Farnsworth requested that the trial court enjoin enforcement of the non-compete provisions of the Agreement, a request the trial court denied. Dr. Farnsworth contends that the trial court abused its discretion in denying his request for a preliminary injunction. Because we disagree, we affirm.

# Facts and Procedural History

Dr. Farnsworth has practiced internal medicine in Indiana since 1996. In 2009, Dr. Farnsworth became employed by Lutheran in the Internal Medicine Section ("the Medical Group"), pursuant to the Agreement. The Agreement provided that Dr. Farnsworth was to render "Professional Medical Services and such reasonable administrative and management services as may be delegated to Physician by Employer on an exclusive basis, in accordance with all of the terms and conditions of this Agreement." Appellant's App. Vol. II p. 36.

More specifically, the Agreement provided that Dr. Farnsworth was to conduct office visits during normal business hours as determined by Lutheran, upon

mutual agreement by Dr. Farnsworth, in consultation with the Committee. The Agreement also provided that Dr. Farnsworth's duties included

> providing on-call coverage for patients of the Hospital (i.e. Emergency Room Call) after regular business hours in coordination with other Medical Group Physicians, in accordance with a schedule established by [the Committee] as necessary to satisfy the Medical Group Physicians' obligations under the Hospital's Medical Staff Bylaws, rules and regulations, and providing on-call coverage after regular business hours for patients of Physician or other physicians practicing in the same Medical Office in coordination with such other physicians, in accordance with a schedule established by [the Committee.]

Appellant's App. Vol. II p. 38. Hospital call coverage is a practice pattern that can place heavy demands on a physician's time because it requires admitting and performing rounds on hospitalized inpatients before and after regular office hours, including weekends. Dr. Farnsworth was also required to comply with the policies and procedures established by Lutheran through the Committee as they were liable to change from time to time. Finally, the Agreement contained a non-competition provision, pursuant to which Dr. Farnsworth agreed that after leaving employment with Lutheran, he would not practice medicine for one year within a thirty-mile radius of Lutheran's Hospital and Medical Office.

[4] In 2017, after one the internists in the Medical Group left, several of the remaining internists decided that they no longer wanted to provide call coverage at the Hospital. The Medical Group held a vote, which resulted in three internists voting to continue call coverage and three voting to end it. The deadlock was referred to the Ops-Finance Subcommittee ("Finance

Subcommittee") of the Committee. The Finance Subcommittee determined and recommended to the Committee that the Medical Group no longer be scheduled to have call-coverage duty in the Hospital.

[5] On April 20, 2017, the Committee held a meeting at which Dr. Farnsworth was present. As it happens, Dr. Farnsworth had been a member of the Committee for eighteen years. The Committee voted unanimously in favor of the Medical Group call-coverage schedule change. The schedule change was reaffirmed, again by unanimous vote, on May 18, 2017. On October 1, 2017, the new Hospital call-coverage schedule went into effect.

[6] Over the course of the next year or so, Dr. Farnsworth noticed a significant decrease in his compensation as a result of the elimination of call coverage. On December 7, 2018, Dr. Farnsworth notified the Finance Subcommittee that he considered the call-coverage schedule change to be a breach by Lutheran of the Agreement. Checking with other members of the Medical Group revealed that none of the other internists desired to resume call coverage.

[7] On February 18, 2019, Dr. Farnsworth received a letter from Lutheran, which stated:

> Thank you for taking the time to discuss your concerns with me. While we have not breached our employment agreement, allow this letter to document, permit and clarify that you shall have complete control over the diagnosis and treatment of patients assigned to you, including the ability to round on same in the hospital, before and after normal business hours. In addition, our employment agreement does not obligate us to create an on-call schedule, or provide you a call group, but requires you to provide

on-call services should such a schedule be created. Currently, no such schedule exists.

Appellant's Br. p 35.

[8] On March 29, 2019, Dr. Farnsworth filed suit against Lutheran, alleging breach of the Agreement and seeking declaratory judgment. Dr. Farnsworth claimed that Lutheran had breached the Agreement by changing the call-coverage schedule on April 20, 2017. Dr. Farnsworth also moved to preliminarily enjoin enforcement of the non-competition provision of the Agreement. On June 27, 2019, the trial court denied Dr. Farnsworth's motion for a preliminary injunction.

# Discussion and Decision

[9] Dr. Farnsworth contends that the trial court abused its discretion in denying his motion to preliminarily enjoin enforcement of the non-compete provisions of the Agreement. "The grant or denial of a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion." *Ind. Family & Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 161 (Ind. 2002) (citing *Harvest Ins. Agency, Inc. v. Inter-Ocean Ins. Co.*, 492 N.E.2d 686, 688 (Ind. 1986)).

> To obtain a preliminary injunction, the moving party must demonstrate by a preponderance of the evidence: (1) a reasonable likelihood of success on the merits; (2) the remedies at law are inadequate, thus causing irreparable harm pending resolution of the substantive action; (3) the threatened injury to the moving party outweighs the potential harm to the nonmoving party from

the granting of an injunction; and (4) the public interest would not be disserved by granting the requested injunction.

*Ind. High Sch. Athletic Ass'n, Inc. v. Cade*, 51 N.E.3d 1225, 1235 (Ind. Ct. App. 2016).

[10] In addition, Dr. Farnsworth is appealing from a negative judgment, where he failed to prevail on a claim where he had the burden of proof. Dr. Farnsworth must therefore establish that the trial court's judgment is contrary to law. *Pinnacle Healthcare, LLC v. Sheets*, 17 N.E.3d 947, 953 (Ind. Ct. App. 2014). "A judgment is contrary to law only if 'the evidence in the record, along with all reasonable inferences, is without conflict and leads unerringly to a conclusion opposite that reached by the trial court.'" *Id.* (quoting *Carley v. Lake Cty. Bd. of Elections & Registration*, 896 N.E.2d 24, 32 (Ind. Ct. App. 2008), *trans. denied*). If the trial court correctly concluded that Dr. Farnsworth failed to establish any one of the four requirements for a preliminary injunction by a preponderance of the evidence, we will affirm.

[11] We choose to first address Dr. Farnsworth's claim that he established a likelihood of success on the merits. "To obtain a preliminary injunction, the party seeking the injunction must have a reasonable likelihood of prevailing on the merits." *Bowling v. Nicholson*, 51 N.E.3d 439, 444 (Ind. Ct. App. 2016), *trans. denied*. To demonstrate this element, the moving party is not required to show that he is entitled to relief as a matter of law, but only that success on the merits is probable. *See id*.

As mentioned, Dr. Farnsworth's underlying claim is that Lutheran breached the Agreement. To prevail in any contract action under Indiana law, a plaintiff must establish that (1) a contract existed; (2) the defendant breached the contract; and (3) the plaintiff suffered damage as a result of defendant's breach. *Roche Diagnostics Operations, Inc. v. Marsh Supermarkets, LLC*, 987 N.E.2d 72, 85 (Ind. Ct. App. 2013), *trans. denied*. Contract construction is a question of law for the court, and if the intention of the parties can be ascertained from their written expression, that intention must be carried out by the court. *Eck & Assocs., Inc. v. Alusuisse Flexible Packaging, Inc.* 700 N.E.2d 1163, 1167 (Ind. Ct. App. 1998), *trans. denied*.

"Indiana courts have long recognized and respected the freedom to contract." *Id.* (quoting *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind. 1997)). The courts should interpret contracts as a whole to determine the intent of the parties. *Id.* "'[T]he general rule of freedom to contract includes the freedom to make a bad bargain.'" *Indpls.–Marion Cty. Pub. Library v. Chadier Clark & Linard, PC, et al.*, 929 N.E.2d 838, 852 n.13 (Ind. Ct. App. 2010) (quoting *Ind. Bell Tel. Co. v. Mygrant*, 471 N.E.2d 660, 664 (Ind. 1984)), *trans. denied*.

Specifically, Dr. Farnsworth argues that the Committee's elimination of call coverage constituted a breach of the Agreement. The Agreement provided, in part, that Dr. Farnsworth was required to provide call coverage "in accordance with a schedule established by [the Committee] as necessary[.]" Appellant's App. Vol. II p. 38. So, the Agreement clearly provides that the call-coverage schedule was to be established by the Committee.

[15] Dr. Farnsworth does not dispute that the Committee (of which he was a member) had the authority to establish the call-coverage schedule. Dr. Farnsworth does argue, however, that the Committee was not authorized to eliminate call coverage altogether. This argument ignores the fact that the Agreement provides that a schedule would be established "as necessary[.]" Appellant's App. Vol. II p. 38. In other words, if no call coverage was deemed necessary, none need have been scheduled. Moreover, the Agreement clearly provided that Dr. Farnsworth was required to perform those medical services delegated to him by Lutheran, and Lutheran simply decided to no longer delegate call coverage to him.

[16] Dr. Farnsworth also contends that the elimination of call coverage ran afoul of Section 11 of the Agreement, which prevented the Committee from exercising "any direct supervision or control over the individual treatment of patients by [Dr. Farnsworth.]" Appellant's App. Vol. II p. 45. We have little hesitation in concluding that the elimination of call coverage did not amount to the Committee directly supervising or controlling Dr. Farnsworth's care over any individual patient. By eliminating call coverage, the Committee was merely removing a class of patients from Dr. Farnsworth's care, which is not the same thing.[1]

---

[1] If we were to accept Dr. Farnsworth's argument on this point and follow it to its logical conclusion, *any* decision by the Committee regarding a call-coverage schedule—be it elimination, establishment, or alteration—would have violated Section 11 of the Agreement.

[17]     Given the Agreement's clear language granting the Committee the power to establish (or not establish) a call-coverage schedule, Dr. Farnsworth has failed to show a reasonable likelihood of success on the merits of his breach-of-contract claim. Consequently, Dr. Farnsworth has not established that the trial court abused its discretion in denying his request to enjoin enforcement of his non-compete agreement with Lutheran.

[18]     We affirm the judgment of the trial court.

Altice, J., concurs.

Robb, J., concurs in result with opinion.

| | |
|---|---|
| Kent Farnsworth,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Lutheran Medical Group, LLC,<br>*Appellee-Defendant,* | Court of Appeals Case No.<br>19A-PL-1726 |

**Robb, Judge, concurring in result.**

[19] I agree that the trial court did not abuse its discretion in denying Dr. Farnsworth's request to enjoin the enforcement of the Agreement. However, I do so for different reasons than the majority.

[20] The Agreement states that Dr. Farnsworth's duties include providing on-call coverage "in accordance with a schedule established by [the Committee] as necessary to satisfy the [Medical Group's] obligations[.]" Appellant's App., Vol. II at 38. To me, that implies that there *will be* an on-call schedule and therefore, eliminating the on-call schedule altogether would be a breach of the Agreement. However, Dr. Farnsworth was a member of the Committee that voted unanimously to eliminate the on-call coverage schedule, which means he agreed to the change. *See* slip op. at ¶ 5. For that reason, I do not believe he

has demonstrated by a preponderance of the evidence a reasonable likelihood of success on the merits, and I would affirm the trial court's judgment on that basis.